CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 4 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN MCKINLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00221 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRAXTON, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff John McKinley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that defendants at the Augusta Correctional Center refused to give him a "shaving profile" that would permit him to shave with electric clippers or to have a barber shave him with clippers instead of having to use a regular razor. Plaintiff seeks unspecified monetary damages and injunctive relief. The court finds that plaintiff's complaint fails to state a claim upon which the court may grant relief. Therefore, the court will dismiss the suit pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Plaintiff alleges that his constitutional rights were violated when he

> was refused a "shaving profile" by Dr. Marsh around or about early October. Dr. Marsh told plaintiff: Keep shaving with [a] razor and come back next month to see if you qualify for a profile, your face is not scared-up [sic] bad enough yet". [sic]

Plaintiff has submitted documentation of his exhaustion of administrative remedies. At the first stage of the grievance procedure, plaintiff filed an informal complaint, dated December 15, 2006. The informal complaint stated, in pertinent part:

> Was told by SHU in seg that because I do not qualify for a shaving profile I have to shave. Im [sic] unable to shave because staff does not allow me to use clippers

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

without a profile, only razor. The razor damages my skin causing it to bleed, bump
up and itch.

Sergeant H. Wheeler gave the following reply, dated December 22, 2006, to plaintiff's informal complaint:

> I Sgt Wheeler met with inmate McKinley concerning his complaint. He has been seen by Dr. Marsh whom [sic] will not issue a shaving profile to him, when Inmate McKinley was in G.P. [sic] Inmate McKinley refuses to pay to see Dr. Marsh again. I explained to Inmate McKinley that razor are [sic] the only thing issued to SHU inmates. Clippers aren't allow [sic] in SHU. Inmate McKinley will continue not to shave. He is out of compliance with grooming standards.

Subsequently, plaintiff filed a regular grievance, dated January 5, 2007, stating the following complaint: "Was told by Sgt. H. Wheeler because I will not shave with a disposable razor Im [sic] not in compliance with grooming standards." He requested "[t]o be given the option like other DOC facilities I have been too [sic] while in Segregation clippers to shave with and not a razor."

On February 5, 2007, the superintendent issued a Level I grievance response form, denying plaintiff's grievance. The Level I response stated, in pertinent part:

> Your grievance requesting to be given an option to use clippers to shave with or a razor while in Special Housing has been reviewed at Level I.
>
> You state that you were told that you are not in compliance with the Grooming Standards due to refusing to shave with a disposable razor. You want to be given an option to use clippers to shave with or a razor while in Special Housing.
>
> * * *
>
> Sgt. McCutcheon met with you on 1/11/07 and explained in accordance with Operating Procedure #802.1 clippers are not authorized in Special Housing. He also explained that the only way this can be done is when haircuts are done in Special Housing if you have a shaving profile. According to documentation you were seen in November by Dr. Marsh however you did not meet the criteria for a no-shave order. You were scheduled again in November for the same however you were a no-show. Your request is denied as clipper [sic] are not permitted in Special Housing unless the barber is doing haircuts and trims facial hair for inmates with no-shave

2

orders.

Plaintiff was advised that if he was dissatisfied with the Level I response, he could lodge a Level II appeal with the Regional Director for the Western Region of the Virginia Department of Corrections.

Plaintiff timely appealed. The Level II respondent denied plaintiff's appeal, stating, in pertinent part:

> Your grievance appeal has been reviewed along with the Level I response and your original complaint. In your grievance you state you want to be given the option to use clipper [sic], rather than a razor to shave while in Special Housing. This issue has been investigated. The investigation revealed that clippers are not allowed per policy in Special Housing. Given that you do not have a shaving profile, you must use a traditional razor. Departmental policies and procedures have been followed. OP 802.1 governs this issue.

Plaintiff was informed that the Level II response was the final level of appeal for his grievance.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of

3

exposure to uncomfortable, restrictive, or inconvenient conditions of confinement; "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. In fact, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. To bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Plaintiff has not made any showing that a constitutional right has been violated. Although he may believe that the institutional staff and medical staff were deliberately indifferent to his medical needs or failed to treat such medical needs by not allowing him, while residing in the Special Housing Unit, to have the use of clippers rather than a traditional razor, such actions do not rise to the level of a federal constitutional violation. Nor has plaintiff alleged an objectively serious medical need. Inasmuch as plaintiff's own complaint and attachments demonstrate that his claim amounts to a mere disagreement between an inmate and medical personnel over his diagnosis, his claim would arise, if at all, under state medical malpractice laws, and does not present a colorable claim under § 1983. See Estelle, 429 U.S. at 105-106.

Moreover, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Given that plaintiff was provided the opportunity to return to see Dr. Marsh for reevaluation, the prison's policy prohibiting plaintiff from having access to the use of clippers, rather than a traditional razor, while in the Special Housing Unit does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Accordingly, the court finds that plaintiff has failed to state a claim under the Eighth Amendment because he has not shown that institutional or medical staff were deliberately indifferent to any serious medical need or any other substantial risk of serious harm. Farmer, 511 U.S at 833. Nor has he alleged facts sufficient to show a serious or significant mental or physical injury or an unreasonable risk of serious damage to his future health as a result of not having access to clippers while in the Special Housing Unit. Strickler, 989 F.2d at 1380-1381

5

## III.

Based on the foregoing, the court finds that McKinley has not presented any claims on which relief can be granted. Therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

**ENTER**: This 4th day of May, 2007.

_/s/ Jack Conrad_
United States District Judge